United States District Court
Southern District of Texas
**ENTERED**
November 14, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY LARONE ERVIN, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3477 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Petitioner Jerry Larone Ervin is an inmate in the custody of the Texas Department of Criminal Justice. He pleaded guilty to tampering with physical evidence and was sentenced as a habitual offender to 25 years imprisonment. Texas' First Court of Appeals dismissed his appeal, and the Texas Court of Criminal Appeals denied his applications for postconviction relief. Ervin's first federal habeas petition was dismissed with prejudice on July 8, 2008. *See Ervin v. Quarterman*, No. 3:08cv33 (S.D. Tex, July 8, 2008).[1]

The Anti-Terrorism and Effect Death Penalty Act's ("AEDPA") requires this Court to dismiss any successive habeas petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district

---

[1] Ervin contends that this is his first federal petition, and that the earlier petition was filed by a different person with the same last name. A review of the documents in both cases, however, reveals that both petitioners have the same first, middle, and last names and the same TDCJ identification number. Both petitions challenge the same conviction, handed down on the same date under the same cause number by the same court. In other words, it is clear that this is Ervin's second petition, and his claim to the contrary is patently false.

court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Ervin has already challenged his conviction through a federal habeas corpus petition. Therefore, Ervin's recent filing constitutes a successive habeas petition. This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). Accordingly, it is ORDERED that the petition for a writ of habeas corpus (Dkt. No. 1) is DISMISSED for lack of subject matter jurisdiction.

SIGNED on this 14th day of November, 2016.

_____
Kenneth M. Hoyt
United States District Judge